| | |
|---|---|
| MADISON A. WEST, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:26-cv-00637 |
| | ) |
| CIGNA HEALTH AND LIFE | ) |
| INSURANCE COMPANY, d/b/a CIGNA | ) |
| HEALTHCARE, | ) |
| | ) |
| EVICORE HEALTHCARE MSI, LLC, | ) |
| | ) |
|     Defendants. | ) |

## <u>MEMORADUM OPINION</u>

Cigna Health and Life Insurance Company, d/b/a Cigna Healthcare ("Cigna") and eviCore Healthcare MSI, LLC ("eviCore") have filed a Combined Motion and Memorandum in Support to Compel Arbitration and to Dismiss or, in the Alternative, to Stay Proceedings and to Stay Discovery Pending Decision Thereon. ("Combined Motion"). (Doc. Nos. 10, 10-1). Madison A. West, *pro se*, has responded in opposition to Cigna's and eviCore's Motion (Doc. No. 12), and they have filed a joint reply (Doc. No. 16).[1] For the reasons that follow, the Court grants the Combined Motion, compels arbitration of West's claims, and dismisses this action without prejudice.

### I.  Background

During the period of approximately 2021 through January 31, 2026, Ms. West maintained a health insurance policy, the "Connect Silver-4A 0 Indiv Med Deductible" policy (the "policy"),

---

[1] Pursuant to M.D. Tenn. R. 7.01(a)(4): "An optional reply memorandum may be filed within seven (7) days after service of the response, and shall not exceed five (5) pages without leave of Court." The reply was eight pages; this does include the caption, the signature block, and the certificate of service that are excluded from the final page count. M.D. Tenn. R. 7.03(a). Therefore, as no leave was requested, this Court will not consider any argument made beyond the five pages allotted.

issued by Cigna. (Doc No. 12 at 2). As part of that policy, there was a provision titled "Binding Arbitration" that read, in part, as follows:

> To the extent permitted by law, any controversy between Cigna Healthcare and an Insured Person (including any legal representative acting on your behalf), arising out of or in connection with this Policy may be submitted to binding arbitration upon written notice by one party to another. Such arbitration shall be governed by the provisions of the Commercial Arbitration Rules of the American Health Lawyers Association, to the extent that such provisions are not inconsistent with the provisions of this section.

(Doc. No. 10-2 at 86). During this coverage term, West sought approval for allegedly medically necessary inpatient post operative care. (Doc. No. 1-1 ¶ 8; Doc. No. 12 at 2; Doc. No. 13 ¶ 4). Both Cigna and eviCore denied the inpatient post operative care. (Doc. Nos. 1-1 ¶ 9; Doc. No. 12 at 2; Doc. No. 12-1 at 6-1; Doc. No. 12-6 at 10-6; Doc. No. 13 ¶ 5). The denial of her in-patient post operative care was appealed and reviewed through the appellate procedure. (Doc. No. 13 ¶ 9; Doc. No. 12 at 2). Over the course of her appeals, West pursued multiple Level 1 and Level 2 grievance proceedings with regards to the denial of her in-patient care. (Doc. No. 13 ¶¶ 7-8, 13-14; Doc. No. 12 at 2). Moreover, West continued to remain in contact with Cigna's resolution team and other administrative staff during this review process. (Doc. No. 13 ¶¶ 18-19; Doc. No. 12 at 3). At no time during these communication, West maintains was she informed of the binding arbitration provision in her policy. (Doc. No. 13 ¶¶ 19, 21, 23-24; Doc No. 12 at 3-4).

On August 13, 2025, Ms. West proceeded with spinal surgery. (Doc. No. 1-1 ¶ 6). She alleges that as a direct result of the denial of in-patient care, she was discharged within 48 hours and shortly after, experienced severe complications. (Doc. No. 1-1 ¶¶ 10-11). Post-operative treatment as well as additional surgeries were required for her recovery. (Doc. No. 1-1 ¶¶ 12-15).

On April 8, 2026, West sued Cigna and eviCore for claims related to the denial of her in-patient post operative care, including breach of the policy, denial of certain benefits in bad faith,

2

negligence, and negligent utilization review.[2] (Doc. No. 1-1 ¶ 36-40). Cigna and eviCore jointly removed the case to this Court based on diversity of citizenship. (Doc. No. 1 at 1). They subsequently filed the pending Combined Motion.[3] (Doc. No. 10; Doc. No. 10-1).

## II. Analysis

### A. Standard of Review

As is well-established, the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), provides that disputes subject to an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4." Id. §2. Before compelling arbitration pursuant to the FAA, a district court:

> first…must determine whether the parties agreed to arbitrate; second it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

Fazio v. Lehman Bros., Inc., 340 F.3d 386, 392 (6th Cir. 2003). When a litigant establishes the validity of the arbitration agreement, "the district court must grant the litigant's motion to compel

---

[2] Based on the wording in the Complaint, (Doc. No. 1-1 ¶¶ 36-40), Count 4 titled "Negligent Utilization Review" is alleged only against eviCore.

[3] Under footnote 1 of the Combined Motion, Cigna and eviCore address the potential for an additional motion under Fed. R. Civ. P. 12(b)(6). "Out of an abundance of caution," both seek to "preserve their right to file such Motion to Dismiss in the event any of Plaintiff's claims are not compelled to arbitration, and…seek at least 14 days to file a Motion to Dismiss should the instant Motion be denied, in whole or part." (Doc. No. 10 n. 1). Pursuant to Fed. R. Civ. P. 12(h)(2): "Failure to state a claim upon which relief can be granted….may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." As a result, (b)(6) is specifically excluded from the waiver provisions that apply to other preliminary defenses and may be raised later in the proceedings. Fed. R. Civ. P. 12(h)(1)-(2); (g)(2) ("Except as provided in *Rule 12(h)(2)* or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." )(emphasis added).

3

arbitration and to stay or dismiss proceedings until the completion of arbitration." <u>Wright v. SSC</u> <u>Nashville Operating Co. LLC,</u> No. 3:16-cv-00768, 2017 U.S. Dist. LEXIS 33127, at *4 (M.D. Tenn. March 8, 2017).

A strong presumption in favor of arbitration is created by the FAA and hence, any doubts "must be resolved in favor of arbitration." <u>Id.</u> Nevertheless, arbitration agreements remain subject to generally applicable state law contract defenses, "provided the contract law applied is general and not specific to arbitration clauses." <u>Fazio</u>, 340 F.3d at 393. If the "court is satisfied that the agreement to arbitrate is not 'in issue,' it must compel arbitration. If the validity of the agreement to arbitrate is 'in issue,' the court must proceed to a trial to resolve the question." <u>Great Earth Cos.</u> <u>V. Simons</u>, 288 F. 3d 878, 889 (6th Cir. 2002) (quoting 9 U.S.C. §4).

### B. Enforceability

As an initial matter, the Court concludes that West's claims fall within the scope of the policy and that no exemption has been alleged.[4] West, nevertheless, argues that the arbitration agreement is inapplicable for four reasons: (1) she has exhausted alternative complaint procedures that Cigna and eviCore have directed her to follow and by pursuing such avenue of relief, they have indicated they wished to pursue that path of resolution rather than arbitration; (2) Cigna and eviCore have not previously informed her that arbitration was required; (3) eviCore may not enforce the arbitration provision as a non-signatory party to the policy; and (4) the plain language of the arbitration agreement utilizes permissive rather than mandatory language. Because her second argument attacks the arbitration provision and relies on general principles of contract law, it is appropriate for the Court to consider before granting the Combined Motion.

---

[4] In her response in opposition, West has not responded to Cigna's and eviCore's arguments that the causes of actions she raises fall within the scope of the arbitration provision nor does she allege that any of her claims are designated by Congress as nonarbitrable.

4

Under Tennessee law, a contract may be enforceable, even in an absence of a signature where the parties' actions demonstrate acceptance of its terms. See T.R. Mills Contractors, Inc. v. WRH Enters, LLC, 93 S.W.3d 861, 870 (Tenn. Ct. App. 2002). Although the copy of the Policy attached to the record does not evidence West's signature, West does not challenge the validity of the Policy itself. To the contrary, both Defendants have proceeded with the understanding that the policy's rights and obligations including payment of premiums and claims of benefits control. Furthermore, West's several concessions to the validity of the policy and her reliance on it for her claims make her assent to the policy and all its terms objectively clear. See Staubach Retail Servs. -Se., LLC v. H.G. Hill Realty Co., LLC Realty Co., 160 S.W.3d 521, 524 (Tenn. 2005)("In determining mutuality of assent, courts must apply an objective standard based upon the parties' manifestations."). Furthermore, nothing in the record suggests to the Court that she did not receive a copy of this policy or lacked opportunity to review it either alone or with a representative. The arbitration provision is clearly labeled "**Binding Arbitration**". That subsection consists of five paragraphs that informed the insured that arbitration could be invoked by either party in writing; sets out the rules that would govern any arbitration concerning this policy; the process of how an arbitrator would be chosen; and the expected time period of the process. Moreover, West cites no legal authority for the proposition that because neither Cigna nor eviCore "directed Plaintiff to initiate arbitration", the arbitration provision becomes unenforceable. (Doc. No. 12 at 4). Therefore, as West concedes in her complaint, she held a valid healthcare insurance policy issued by Cigna and as a result, cannot selectively accept favorable provisions of the policy while disavowing others behind the guise of lack of notice. (Doc. No. 1-1 ¶ 22).

West's arguments with regard to exhaustion of alternative complaint procedures, eviCore not being bound as a non-party to the policy, and the plain language of the arbitration agreement

5

are similarly unavailing. "[T]he Supreme Court has recognized that 'parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.'" Blanton v. Domino's Pizza Franchising LLC, 962 F.3d 842, 844 (6th Cir. 2020) (quoting Henry Shein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 67-68 (2019)). With questions of arbitrability, an additional interpretive rule was adopted: "there must be 'clear and unmistakable' evidence that the parties agreed to have an arbitrator decide such issues." Blanton, 962 F.3d at 844.

In this arbitration provision, West agreed that "provisions of the Commercial Arbitration Rules of the American Health Lawyers Association" would govern the arbitration "to the extent that such provisions are not inconsistent with the provisions of this section." (Doc. No. 10-2 at 86). Those rules provide that "the arbitrator…shall have the power to determine his or her jurisdiction and *any issues of arbitrability*." (Doc. No. 10-1 at 4)(emphasis added).

In Blanton, the Sixth Circuit had the same question before it concerning the American Arbitration Associate ("AAA"), which stated in relevant part "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Blanton, 962 F.3d at 845. The Sixth Circuit found that (1) the text of the AAA rules clearly empowered the arbitrator to decide these questions of arbitrability; (2) the contract expressly incorporated these Rules, and (3) even included a link to the website wherein the rules could be found. Id. This evidence, in the mind of the Sixth Circuit, clearly demonstrated that the Plaintiff had agreed to arbitrate questions of arbitrability. Id.

Very similarly here, the court concludes that the express language of the incorporated rule in this policy make it clear, even more so than the language in Blanton, that West agreed to arbitrate

6

questions of arbitrability, such as the scope of the agreement or the ability of non-signatories to enforce the arbitration provision. <u>See Blaton,</u> 962 F.3d at 852. Thus, the issue of arbitrability is expressly included in those claims that may be submitted to arbitration.

This Court previously "has construed the FAA as permitting either dismissal or a stay of consideration of claims pending arbitration." <u>Wright</u>, 2017 U.S. Dist. LEXIS 33127, at *7. At this juncture, Cigna and eviCore jointly have requested a dismissal, and the Court is inclined to grant it as there are no issues before the Court until arbitration is completed.

### III. Conclusion

For the foregoing reasons, the Motion to Compel Arbitration and to Dismiss or, in the alternative, to Stay the Proceedings and to Stay Discovery Pending Decision Thereon is granted in part. This case is dismissed without prejudice. Defendants' alternative relief is denied as moot.[5]

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE

---

[5] In their reply, Cigna and eviCore argue that West did not oppose their argument for the alternative relief of staying proceedings and discovery pending a decision on the Motion to Compel. (Doc. 16 n. 1). Hence, they contend that that part of their motion should be granted as uncontested. (<u>Id.</u>). Given the court's resolution on the matter, the court need not address the alternative relief requested.